Filed 8/25/25  P. v. Tuli CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEFFREY TULI,<br><br>    Defendant and Appellant. | G061647<br><br>(Super. Ct. No. 16NF2053)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge. Affirmed.

Arthur Martin and Gordon S. Brownell, under appointment by Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A.

Sevidal, Randall Einhorn and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

Jeffrey Tuli and his two codefendants, Aaron Jackson and Dejon Griffin, were charged with murder and related crimes. The case was tried before a dual jury, one for Tuli and one for Jackson and Griffin. Tuli's jury found him guilty of first degree murder and found true the allegation he personally discharged a firearm causing death, Tuli appealed. He contends the trial court abused its discretion in denying his repeated motions for a full severance of his trial from Jackson and Griffin's trial on the basis of conflicting defenses. As discussed below, we conclude there was no abuse of discretion, and that Tuli was not deprived of a fair trial or due process of law. Accordingly, we affirm.

STATEMENT OF THE CASE

I.

PROCEDURAL HISTORY

On October 20, 2020, the Orange County District Attorney filed an information charging Tuli with the murder of Maher Yousef. It was alleged as a special circumstance that the murder was committed during an attempted robbery, and that Tuli personally discharged a firearm causing great bodily injury and death. It was further alleged he suffered a prior strike conviction under the Three Strikes law.

The case against Tuli was consolidated with the case against Jackson and Griffin, who were charged with the murder and attempted robbery of Yousef in a separately filed information. The consolidated case was set for trial before two juries: one jury for Tuli, and the other for Jackson and Griffin. On February 23, 2022, Tuli moved to sever his jury trial from

2

that of Jackson and Griffin based on conflicting defenses among the defendants. The trial court denied the motion without prejudice.

Defense counsel gave opening statements to their clients' respective jury only. Subsequently, Tuli's counsel renewed his motion for severance in light of his codefendants' opening statements. The trial court denied the renewed motion.

The following day, Tuli's counsel again moved for severance, citing a news article about the opening statements. He argued that "we're likely rolling with an I.D. defense and [Jackson and Griffin's counsel] in their openings identified Mr. Tuli as the shooter." The prosecutor noted she also had "identified Mr. Tuli as the shooter in my opening to Mr. Tuli's jury." The trial court denied the motion.

Toward the end of trial, Tuli's counsel moved to conduct separate closing arguments for the two juries if two jury instructions, which did not apply to Tuli, were given. After the judge amended the instructions to address counsel's concerns, the court denied the motion.

On March 24, 2022, a jury found Tuli guilty of first degree murder. It also found true the allegations Tuli personally discharged a firearm causing death, and the felony murder special circumstance. In a bifurcated proceeding, the trial court found true that Tuli had suffered a prior strike conviction.

The trial court sentenced Tuli to life without the possibility of parole, plus 25 years to life on the firearm use enhancement.

II.

TRIAL TESTIMONY

Because Tuli does not raise a factual challenge, we briefly summarize the trial testimony in light of the jury's verdict. Further

3

elaboration of the facts can be found in our prior non-published opinions affirming Jackson and Griffin's convictions. (See *People v. Jackson* (May 13, 2024, G061646); *People v. Griffin* (March 14, 2024, G061875).)

The evidence showed that Tuli, Jackson, and Griffin conspired to rob Yousef, the owner of a check cashing services business. Before the robbery, one of them slashed the tire of Yousef's vehicle. On the day of the robbery, the defendants followed Yousef's vehicle as it left his business and then parked at a gas station. The defendants parked in a nearby alley, exited their vehicle, and walked over to Yousef's vehicle to commit the robbery.

A.H., a close friend and employee of Yousef, was present at the crime scene. He testified that Yousef was driving him home when Yousef noticed the car was veering to the right. They pulled over into a gas station and noticed a flat tire. Because there were no tools to change the tire, A.H. suggested that Yousef call his brother, who lived nearby, to bring them some tools. While waiting for Yousef's brother, A.H. went inside the gas station market to purchase some drinks while Yousef remained in the vehicle.

When A.H. exited the store, he saw three armed men around Yousef's vehicle. Two men were on the driver's side, one of whom was talking to Yousef. A.H. identified the two men as Jackson and Griffin. The other man, who A.H. later identified as Tuli, was on the passenger side. Tuli pointed his gun at A.H. before "put[ting] it down." Griffin also pointed his gun at A.H. before asking him, "Where's the money?" After A.H. stated they did not have money, Griffin repeated his question before going to the trunk and checking under the spare tire. Tuli then fired a single shot at Yousef before all three men ran into the alley. Yousef died from the single gunshot wound to the right side of his head.

Following a police investigation, the three defendants were arrested separately in different locations. Tuli was arrested in Riverside, California, for unrelated burglaries.

After Tuli was arrested, he was interviewed by police and the video-recording of the interview was played for the jury. In the interview, Tuli stated he was high on drugs the night of the shooting. That day, Jackson and Griffin picked up Tuli at his house. Jackson told Tuli about the plan to rob Yousef. It was Griffin who flattened the tire of Yousef's vehicle. Griffin had his own gun. Tuli was given a gun that Jackson had on him. Tuli thought the gun was a BB gun. He claimed he never planned to shoot anyone but "panicked" when Yousef tried to get out of the car via the passenger side. After the shooting, they drove back to Tuli's house and got rid of their clothing "off the 91" freeway on the way.

At trial, Tuli testified in his own defense. Tuli and Jackson were friends and co-workers. Tuli admitted he was in the vehicle, but denied participating in the shooting. He claimed he remained in the vehicle while Jackson, Griffin and a man named "Nick" confronted Yousef at the gas station. Tuli testified he lied when he told police that Griffin slashed Yousef's tire and that they got rid of their clothing on the 91 freeway. Tuli stated he took responsibility for the shooting because he was already facing a life sentence for the Riverside robberies.

## DISCUSSION

"When two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they *must* be tried jointly, unless the court order[s] separate trials." (Pen. Code, § 1098, italics added.) "When defendants are charged with having committed 'common crimes involving common events and victims,' as here, the court is presented with a

5

"'classic case'" for a joint trial. [Citation.]" (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 40 (*Coffman and Marlow*).) However, "severance may be called for when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' [Citation.]" (*Ibid*.) We review a denial of severance for abuse of discretion, considering the facts as they appeared at the time of the ruling. (*People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 754.) Moreover, "even if a trial court acted within its discretion in denying severance, "'the reviewing court may nevertheless reverse a conviction where, because of the consolidation, a gross unfairness has occurred such as to deprive the defendant of a fair trial or due process of law."'" (*People v. Thompson* (2016) 1 Cal.5th 1043, 1079.)

Tuli moved to sever his trial from that of his codefendants' on the basis of conflicting defenses. However, as he acknowledges on appeal, "'"[a]ntagonistic defenses do not *per se* require severance, even if the defendants are hostile or attempt to cast the blame on each other." [Citation.] "Rather, to obtain severance on the ground of conflicting defenses, it must be demonstrated that the conflict is so prejudicial that [the] defenses are irreconcilable, and the jury will unjustifiably infer that this conflict *alone* demonstrates that both are guilty.'" [Citation.] When, however, there exists sufficient independent evidence against the moving defendant, it is not the conflict alone that demonstrates his or her guilt, and antagonistic defenses do not compel severance." (*Coffman and Marlow*, *supra*, 34 Cal.4th at p. 41.) Here, Tuli's confession that he shot Yousef constitutes independent evidence of his guilt. Thus, conflicting defenses alone do not require severance, and the trial court did not abuse its discretion in denying the severance motions.

Tuli contends "the joint trials compromised [his] specific right to testify in his own defense [because] the joint trial framework itself damaged his credibility by forcing him to face three parties accusing him of murder and therefore lying when he testified he did not shoot Yousef but remained in the alley." His argument is a variation on the conflicting defenses claim, which we rejected above. As the California Supreme Court has explained, "'no denial of a fair trial results from the mere fact that two defendants who are jointly tried have antagonistic defenses'" and one offers evidence "'that is damaging to the other and thus helpful to the prosecution.'" (*People v. Flinner* (2020) 10 Cal.5th 686, 716 (*Flinner*) [dual jury criminal case].)

Tuli notes that in his cross-examination, Jackson's counsel attacked his credibility, and in their closing arguments, counsel for Jackson and Griffin stated that Tuli shot Yousef. Essentially, Tuli claims that he faced a second and third prosecutor at trial. But the high court has rejected a similar argument, explaining that "just 'because the prosecution's case will be stronger if defendants are tried together, or that one defense undermines another, does not render a joint trial unfair.'" (*Flinner*, *supra*, 10 Cal.5th at p. 715 [rejecting claim that "trial court's failure to sever allowed [codefendant] to act as a 'second prosecutor'"].) More importantly, the jury was expressly instructed that: (1) "Nothing that the attorneys say is evidence. In their opening statements and closing arguments, the attorneys discussed the case but their remarks are not evidence. Their questions are not evidence."; and (2) "Do not assume that something is true just because one of the attorneys ask a question that suggested it is true**.**" We presume the jury followed the court's instruction. (*Flinner* at p. 717 [rejecting claim that joint trial permitted codefendant to ask inappropriate questions because, among other reasons, "the jury was properly instructed that questions are not evidence,

7

and we presume it followed the court's instructions"].) In sum, Tuli does not persuade us that he was denied a fair trial or due process of law.

## DISPOSITION

The judgment is affirmed.

DELANEY, J.

WE CONCUR:

MOTOIKE, ACTING P.J.

MOORE, J.